ELIAS V. ALLEN, Appellant, *vs.* MARION ALLEN *et al.*
Appellees.

*Opinion filed December 22, 1909.*

1. MORTGAGES—*when certificate of purchase and sheriff's deed
are in nature of mortgage.* Where a party furnishes the money
to redeem another's land from a sheriff's sale and obtains the cer-
tificate of purchase and sheriff's deed under an agreement that he
will convey the land to the other when the amount so furnished
is repaid, the relation of debtor and creditor exists between the
parties and the certificate of purchase and sheriff's deed are in the
nature of a mortgage.

2. SAME—*when a bill should be treated as a bill to foreclose.*
Where the object of a bill is to obtain an accounting for the
amount due complainant for furnishing money to redeem defend-
ant's land from a sheriff's sale and to enforce complainant's equi-
table lien against the land, the bill should be treated as a bill to
foreclose a mortgage even though it seeks incidentally to cancel a
deed to the land made by complainant to defendant, which com-
plainant alleges was delivered in escrow pending payment of the
amount due the complainant but was improperly obtained and re-
corded without payment being made.

3. APPEALS AND ERRORS—*when foreclosure proceeding does not
involve a freehold.* A proceeding to foreclose a mortgage or other
lien upon real estate does not involve a freehold where the only
question is whether the lien exists, and if so, how much is due,
and where such is the case an appeal lies to the Appellate Court.

APPEAL from the Circuit Court of Knox county; the
Hon. HARRY M. WAGGONER, Judge, presiding.

R. D. ROBINSON, and MORELAND & MORELAND, for ap-
pellant.

E. J. KING, and M. J. DAUGHERTY, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Elias V. Allen filed a bill in equity in the circuit court
of Knox county against Marion Allen for the purpose of
canceling a deed executed January 26, 1899, and for other

relief, which deed purported to convey from the complainant to the defendant the west half of the south-east quarter of section 31, township 10, north, range 3, east, excepting twenty-seven acres off of the south end of said tract, and also excepting a strip two rods wide off of the east end of the above described twenty-seven acres.

The right of complainant to the relief sought, as stated in the bill, is in substance as follows: Marion Allen, the original defendant, and complainant, were brothers, Marion being the older. They were farmers and lived in the same neighborhood, in Knox county. Originally the land in controversy was owned by Marion Allen. In 1888 Andrew C. Housh recovered a judgment against Marion Allen in the circuit court of Knox county for $787.42. An execution was issued upon this judgment and levied upon the land in question, and the same was sold to the plaintiff in execution for the amount of the judgment, interest and costs. After the certificate of purchase was issued, Elias V. Allen, for the purpose of assisting his brother, made an arrangement with Housh to pay him $500 and take an assignment of the certificate of purchase. This agreement was carried out, and when the time of redemption expired a sheriff's deed was issued to Elias V. Allen, with the understanding between him and his brother that when he was re-paid the complainant would convey the premises to Marion Allen. The sheriff's deed to complainant was dated November 23, 1889. Afterwards, on January 26, 1899, the parties met in Galesburg at the law office of Williams, Lawrence & Green, and it is alleged that at that time an agreement was entered into by the terms of which complainant was to execute a deed to Marion Allen re-conveying the premises to him. Complainant claims that it was agreed that this deed was to be deposited in escrow with J. N. Nisley, a banker of Knoxville, and held by him until Marion Allen re-paid complainant the amount due him. It is a further contention of Elias V. Allen that Marion Allen, or someone by

his consent and direction and without the knowledge of the complainant, wrongfully obtained the possession of this deed and caused the same to be recorded on the 16th day of January, 1906. Complainant's bill is filed for the purpose of canceling this deed and the record thereof, and to have the title decreed to be in Elias V. Allen upon the claim that he has not been re-paid the amount due him. Complainant charges that the deed was obtained from Nisley through fraud and with the intent and purpose to defeat complainant in the collection of the money due him. The complainant claims that there is about $2000 due him, and he offers to convey the premises to Marion Allen upon the payment to him of whatever amount may be found to be due. The complainant alleges that Marion Allen has been in the possession of the premises as a tenant at will. After the answer of Marion Allen had been filed and while the cause was on reference to the master to take the proofs, and before he had testified, Marion Allen died. Thereupon the bill was amended and the heirs of Marion Allen were made parties defendant. After the death of Marion Allen a bill was filed by his children for a partition of his real estate, including the fifty-three acres involved in the suit of Elias V. Allen. The original case in the circuit court was No. 4097 and the partition suit was No. 4368. On July 11, 1908, by agreement of parties in open court, the two cases were consolidated, and it was agreed that the bill for partition should stand as a cross-bill in the original case, No. 4097. Upon a final hearing in the circuit court the original bill of Elias V. Allen was dismissed for want of equity and a decree for partition entered in accordance with the prayer of the cross-bill. Elias V. Allen has appealed to this court from the decree dismissing his bill, and insists that the court erred in so doing and in not granting the relief prayed for.

Under the facts set up in this bill we are of the opinion that appellant has entirely misconceived the status of

his case. When he furnished the money to redeem the land
from the sheriff's sale, with an understanding with his
brother that he was to take the assignment of the certificate
of purchase and afterwards a sheriff's deed, the relation
that existed between the parties was that of debtor and
creditor, and the certificate of purchase and the deed were
mortgages to secure the appellant in his debt against his
brother. It clearly appears from appellant's bill that he
agreed to re-convey the land to his brother when his debt
was satisfied. In fact, he offers to convey the property by
his bill, upon the payment of the amount that is due him.
His bill, therefore, while not drawn on that theory, should
be treated as a bill to foreclose his equitable lien for what-
ever sum may be found due him, if anything is due. The
prayer to set aside and cancel the deed which he executed
and which he claims was fraudulently taken from the cus-
tody of Nisley is a mere incident to the relief which he is
entitled to, if he is entitled to any relief. Clearly, the un-
derstanding and agreement between the appellant and his
brother impress on the deed under which appellant claims,
the character of a mortgage, and this bill is, in effect, a bill
to foreclose that mortgage. If there is anything due appel-
lant, he is, according to his claim, not entitled to the fifty-
three acres of land, but entitled to have his claim paid out
of the land. The only question presented on this record is,
how much, if anything, is due appellant and whether or not
his lien upon the land is still in existence.

Regarding this suit as a bill for an accounting as to
the amount due and for a foreclosure of the lien upon real
estate, this appeal should have been taken to the Appellate
Court. A bill to foreclose a mortgage or other lien upon
real estate, where the only question is whether the lien ex-
ists, and if so, how much is due, does not involve a free-
hold. (*Pinneo* v. *Knox*, 100 Ill. 471; *Akin* v. *Cassiday*,
105 id. 22; *Beach* v. *Peabody*, 188 id. 75.) While it is
true that a sale under a foreclosure decree may ultimately

result in depriving one party of a freehold estate and investing it in another, still, where this is not a necessary result, as where it may be prevented by the payment of the money demanded, a freehold is not involved.

The special relief prayed for by appellant is the cancellation of the deed and the record thereof, which he claims was never delivered and which was not to be delivered until there was a payment of the amount that might be found due him. There is, however, a further prayer in the bill "that an accounting may be had, if it please the court, between your orator and Marion Allen, and that the amount due to your orator be ascertained, and if the defendant, Marion Allen, will pay to your orator the amount due on said accounting, your orator will, either by decree of this court or voluntarily, convey to Marion Allen the land heretofore described in this bill," to which is added a general prayer "that your orator may have such other and further relief in the premises as equity may require and unto your honor shall seem meet." We are of the opinion that under the prayer of this bill the court would be authorized to determine the amount, if anything, that was due appellant and decree that the same be paid to him within a day to be fixed by the court, and in default of payment order the sale of the fifty-three acres of land to satisfy the decree, and that if the court found that there was anything due appellant, and also found that the charges in the bill in reference to the delivery of the deed were sustained, the sale could be ordered free and clear from any right or interest of anyone claiming under said deed.

If, as appellant contends, the deed was never delivered but was wrongfully and fraudulently obtained from the custody of Nisley and placed on record, it could not, as between the parties or their privies, operate to defeat appellant's lien. If, on the other hand, as appellees claim, the deed was executed and delivered with the intention of quitclaiming any interest appellant might have in the land, it

would operate as a release of his right to the lien. If appellant has been fully reimbursed he has no standing in a court of equity to set aside the deed, whether it was ever delivered or not. All of these questions are incidental to the main controversy relative to the existence of appellant's lien and may be properly determined in a bill to foreclose such lien. Under this view of the case there is no freehold involved and the appeal should have gone to the Appellate Court.

This court having no jurisdiction of this appeal, the cause will be transferred to the Appellate Court for the Second District.

*Cause transferred.*