(No. 25352.—)
RAYMOND GRATTAN, Appellee, *vs.* THE AHLBERG BEARING
Co. *et al.*—(THE AHLBERG BEARING Co. Appellant.)

*Opinion filed February 21, 1940—Rehearing denied April 12, 1940.*

MAX MURDOCK, for appellant.

MAX M. & SAMUEL GROSSMAN, (SID MOGUL, of coun-
sel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Appellee recovered a judgment in the municipal court
of Chicago for $5000 against appellant in a suit for services
alleged to have been rendered appellant in the purchase of
a manufacturing plant at Forty-seventh and Whipple streets
in the city of Chicago. The judgment was entered upon a
verdict of $6000 after a remittitur of $1000. An appeal

has been prosecuted directly to this court on the theory that a constitutional question is involved. The claim is that appellant was deprived of due process of law under the State and Federal constitutions by the trial court's refusal to allow further testimony on behalf of appellant after the rebuttal testimony of plaintiff, and by refusing, after the instructions were settled, but prior to the argument of the case before the jury, to reopen the case and allow appellant, hereafter called defendant, to present newly discovered evidence.

Early in August, 1936, plaintiff learned defendant desired to purchase a manufacturing plant and wrote defendant about a property known as the Zerozone plant. At defendant's request he came to its office and thereafter negotiations with the owner for the purchase of the property were conducted, but did not result in a sale. The owner afterward sold the property to the Tuthill Brick Company. Plaintiff testified that about August 30, O'Toole, representing the owner, told plaintiff the deal was off, which fact he, in turn, communicated to defendant; that on September 2, 1936, defendant's president, Bender, expressed his regret at defendant's failure to secure the Zerozone plant, and the consequent failure of plaintiff to be paid for his work in that transaction, and asked plaintiff to continue his efforts to secure another property and promised to pay him for his services in so doing. He claims to have rendered such services in the purchase of the plant at Forty-seventh and Whipple streets. He fixed the date of the alleged conversation with Bender as occurring shortly before plaintiff's supposed first insertion of an advertisement for the purchase of the kind of property desired by defendant in a real estate organ dated September 4, 1936. He testified, on cross-examination, he could not fix the date of the conversation accurately, and he might be mistaken a week and could not fix it within a week.

Bender testified he had a conversation with plaintiff in the latter part of August, 1936, but denied that he then, or at any other time, hired plaintiff. He denied having any conversation with plaintiff in September, and denied plaintiff ever mentioned the property at Forty-seventh and Whipple streets. After defendant rested its case, plaintiff's testimony in rebuttal showed the first insertion of his advertisement in the real estate organ was on August 28 and he testified the conversation with Bender was shortly before that time. After plaintiff rested in rebuttal, defendant, without any motion to reopen the case, attempted to place Bender on the stand again, to which plaintiff's objection was sustained. It is necessary in order to constitute due process of law within the provisions of the State and Federal constitutions, that orderly proceedings according 'to established rules, which do not violate fundamental rights, shall be observed, but where the person affected has due and sufficient notice and an adequate opportunity to present his defense, the constitutional requirements of due process of law are met. (*Lincoln-Lansing Drainage District* v. *Stone,* 364 Ill. 41; *Holmes* v. *Conway,* 241 U. S. 624, 60 L. ed. 1211.) The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly procedure adapted to the nature of. the case. (*City of Chicago* v. *Cohn,* 326 Ill. 372; *Simon* v. *Craft,* 182 U. S. 427.)

Defendant claims that plaintiff changed his case by the rebuttal testimony, and that defendant was deprived of his constitutional right to meet it. Plaintiff's rebuttal testimony was competent under the pleadings, and he testified, on his first cross-examination, that he was not certain of the date of his alleged conversation with Bender. Bender had denied hiring plaintiff in August or at any other time. The refusal to allow him to testify again concerning matters already covered by his testimony, after defendant had

rested and after plaintiff had rested in rebuttal, did not deprive defendant of a hearing.

As to the application to reopen the case to allow presentation of newly discovered evidence, O'Toole, a witness in chief for plaintiff, had testified to defendant's negotiations for the Zerozone plant. On cross-examination, he fixed the period as between June 1 and August 31, 1936, and testified he thought it was finally sold to the Tuthill Brick Company in November, 1936. The application to reopen was on the ground that, after the adjournment of court on the day of the rebuttal testimony, defendant and its attorney first learned that O'Toole and Orlando Montague would testify the negotiations with the Tuthill Brick Company for the sale of the Zerozone plant were not begun until September 23, 1936, and the accepted offer was made on October 14, 1936; that, previous to that date, O'Toole was authorized and was willing and ready to negotiate a sale of it to defendant, and that neither plaintiff nor defendant was ever advised to the contrary prior to October 14, 1936. The application to reopen does not allege O'Toole did not know of those alleged facts when he was cross-examined. The defendant had the right to interrogate him as to these matters on cross-examination, but did not do so. As to Montague, his testimony would have been merely cumulative to that of O'Toole. Under such circumstances, the refusal to reopen the case did not deprive defendant of the right to be heard on that question.

The action of the trial court did not deprive defendant of due process of law. (*Lincoln-Lansing Drainage District* v. *Stone, supra.*) We have no jurisdiction on direct appeal in such cases, and it cannot be conferred by consent of the parties. (*Jones* v. *Horrom,* 363 Ill. 193.) Because of our want of jurisdiction it is unnecessary to mention the other grounds urged for reversal.

The cause is transferred to the Appellate Court for the First District. *Cause transferred.*