Paul C. Dittman, Appellant, v. Samuel W. Miller et al., Appellees.

Gen. No. 43,898.

326

Opinion filed February 3, 1947.   Released for publication
February 17, 1947.

WILHARTZ & HIRSCH, of Chicago, for appellant;
SAMUEL E. HIRSCH, JACK A. DIAMOND and WARREN
KRINSKY, all of Chicago, of counsel.

OWENS & OWENS, of Chicago, for appellees;
THOMAS L. OWENS, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the
court.

Plaintiff, a judgment debtor whose property had
been sold on an execution, entered into an escrow ar-
rangement during the redemption period, under which
the judgment creditor, defendant herein, deposited his
quitclaim deed conveying to plaintiff the property sold
on the execution, the certificate of sale and an assign-
ment thereof from defendant to plaintiff to be de-
livered to plaintiff if he made certain payments cover-
ing the balance due on the judgment, with interest.
Plaintiff failed to make the last payment on the date
fixed in the agreement.  This amount remaining un-
paid for 10 days, the escrow was terminated pursuant
to its terms and the papers deposited by defendant re-
turned to him.  Within three months plaintiff filed his
complaint seeking to have the escrow arrangement de-
clared to be a mortgage, from which he was entitled
to redeem, and for incidental relief.  After a hearing
the complaint was dismissed for want of equity.
Plaintiff appeals.

November 9, 1937, a judgment was entered against
plaintiff in the municipal court of Chicago for

$9,551.45 and costs—the balance, with interest, of an original indebtedness of $18,000 to plaintiff's father-in-law incurred more than 10 years prior to the entry of the judgment. In the meantime the father-in-law died. The judgment was obtained by the administrator with the will annexed. Various suggestions for the satisfaction of the judgment were submitted. The master found that plaintiff either refused to accept the propositions offered, or failed to comply with those he accepted. May 11, 1938, a three-flat building owned by plaintiff was sold on execution to defendant for $4,000. The master found that the property was then worth $12,000, with unpaid general taxes and special assessments amounting, with interest, to approximately $4,000. Garnishment proceedings were instituted, and in September 1938 a creditor's bill, asking for a receiver, was filed. Further negotiations were had and, notwithstanding plaintiff's broken promises and perverse and annoying conduct now complained of, the escrow arrangement above mentioned was entered into. Plaintiff contends that it created an equitable mortgage and that he should now be permitted to redeem. Defendant says that it was merely an agreement extending the redemption period.

The arrangement was freely entered into by parties capable of contracting, advised by counsel and dealing at arms length. Plaintiff's bad faith and his unreasonable conduct, costly to defendant, now urged as a bar to plaintiff's suit, were known to the defendant, and presumably were considered by him when the terms of the contract were fixed. The rights of the parties must be determined by the agreement, unaffected by the prior conduct of either party. When the escrow was entered into January 11, 1939, plaintiff had reduced the judgment to $6,065.45, plus interest from December 1, 1938. He had therefore paid substantially $3,500 on the principal of the judgment, and in addition had paid interest on the unpaid balance. This was within $500 of the amount necessary to redeem

from the execution sale. By the escrow he undertook to make three semi-annual payments of $500, plus interest, commencing June 1, 1939, and a final payment December 1, 1940 of $4,565.45, plus interest. The escrow arrangement therefore contemplated full satisfaction of the judgment, with interest, and the holding of the certificate of sale, even though the full redemption money had been paid, until the satisfaction of the judgment. Attorneys for defendant place this construction on it. On the day the escrow was entered into the attorney for plaintiff wrote defendant's attorneys stating that a satisfaction of judgment should have been filed, but that it could be attended to when the balance was paid; that in order to protect him from criticism for having entered into the escrow without tending to all the details necessary to give a clear title after the amount of the judgment is paid, he would appreciate a letter from defendant's attorneys. January 12, 1939, defendant's attorneys replied: ''When, as and if the judgment is paid . . . we shall turn over to you at once a satisfaction of judgment, and shall give you any and all papers necessary to clear the title to the property . . . which was sold to satisfy part of this judgment,'' but that there should be no expense to the attorneys or their client in connection with clearing the title. The certificate of sale being held by the defendant until full payment of the judgment, it must be regarded as security for the payment of the judgment, and therefore an equitable mortgage. The facts here and those in *Allen v. Allen,* 242 Ill. 510, are strikingly similar. In that case a brother of a judgment debtor bought the certificate of sale from the purchaser at the execution sale and, having obtained a sheriff's deed, executed a quitclaim deed to the property to the judgment debtor and deposited it with a banker, to be delivered upon payment of the amount expended by the brother, with interest. The brother, claiming that the deed to the judgment

debtor had been improperly obtained by him, brought suit to cancel the deed and for other relief. His complaint was dismissed for want of equity. On appeal the Supreme Court held that the complainant had misconceived his status; that the bill should be brought as a bill to foreclose his equitable lien, and said (p. 513): "When he furnished the money to redeem the land from the sheriff's sale, with an understanding with his brother that he was to take the assignment of the certificate of purchase and afterwards a sheriff's deed, the relation that existed between the parties was that of debtor and creditor, and the certificate of purchase and the deed were mortgages to secure the appellant in his debt against his brother. It clearly appears from appellant's bill that he agreed to re-convey the land to his brother when his debt was satisfied." Here the defendant agreed to reconvey the land to plaintiff upon payment of the judgment in full, and not before. The escrow created an equitable mortgage, from which plaintiff should be given the right to redeem. If defendant receives the balance due on the judgment, with interest, he will receive all that he is permitted to recover on his claim on the indebtedness. If plaintiff is not permitted to redeem, defendant is enriched approximately $3,500 to $4,000, the value of the property after deducting unpaid taxes and special assessments, over and above the amount paid for it on the execution sale.

The decree is reversed and the cause remanded for further proceedings in accordance with the views expressed herein.

*Reversed and remanded.*

O'CONNOR, P. J., and FEINBERG, J., concur.