1200 CONDOMINIUM ASSOCIATION *et al.*, Plaintiff-Appellees, *v.* THE 1200 *et al.*, Defendants-Appellees.—(EVELYN M. DAUTER, Objector-Appellant.)

First District (3rd Division)    No. 76-982

Opinion filed April 6, 1977.

Rudnick, Wolfe, Snyderman & Foreman, of Chicago (Lester D. Foreman, of counsel), for appellant.

Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, and Richard L. Hoffman, of Porter & Hoffman, of Evanston, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Evelyn M. Dauter (hereinafter "objector") appeals from an order of the circuit court of Cook County denying her leave to file her appearance, her objections to the proposed settlement of a pending class action, and her motion to remove herself from the class without prejudice. After denying leave to objector to file the foregoing documents, the trial court entered an order approving settlement of the class action litigation and dismissing that action. This court is not concerned with the merits of the class action or of the substance of the objections to the proposed settlement, but we must determine whether objector was denied her rights as an identified member of the class.

On November 10, 1973, the 1200 Condominium Association and five individual unit owners, both individually and as members of the class of all unit owners of the condominium building (hereinafter "plaintiffs"), filed a complaint at law against the condominium developer (hereinafter "defendant"). After defendant filed its answer, plaintiffs, on October 22, 1974, presented a motion seeking an adjudication that the action was a class action binding upon all members of the association. Plaintiffs also asked the court to grant all members of the class a time within which to file a petition either to be excluded from the class or an intervening petition stating damages peculiar to that petitioner. Notice of this motion had been timely served on all members of the class. On December 16, 1974, the trial judge found the proceeding to be a class action and transferred the matter to the chancery division. The court also transferred a petition to intervene which had been filed by one of the unit owners. No time was set within which the members of the class could file a petition to have themselves excluded.

One year later, on December 18, 1975, the matter came up on the court's progress call. The court ordered a hearing to be set on February 26, 1976, to review approval of a proposed settlement of the case and any objection thereto. The court also ordered that notice of the hearing be given to all members of the class. Plaintiffs notified all members, including the objector. Again, the time within which members could seek to be excluded from the class was not set.

The proposed hearing was continued to March 12, 1976, at which time the unit owner who had filed an intervening petition was granted leave to file written objections to the proposed settlement on or before March 22. The hearing was continued to April 9 and then to April 29, 1976.

On April 20 and 22, 1976, the objector notified all interested parties that at the hearing on April 29 she would move for leave to file her appearance, her objections to the proposed settlement, and her motion to dismiss herself from the class without prejudice. The court denied the objector's request, approved the settlement, and dismissed the action.

We find the focal point of the proceedings in the trial court as it concerns this appeal to be contained in the notices which were sent to the objector as a purported member of the class. The first notice which she received was on October 15, 1974, and included a copy of the motion which was to be presented to the court. The notice itself announced that attorneys for plaintiffs proposed to:

"present the motion of plaintiff that this proceeding be adjudged a class action on behalf of all the members of the class and that an order be entered that any recovery herein be paid on behalf of the class to the 1200 Condominium Association, and *that any members of the class so wishing be given a time certain to file their intervening petitions herein.*" (Emphasis supplied.)

In the attached motion, plaintiffs specifically prayed for:

"C. An order of court granting leave to any members of the class electing not to be bound by the terms of the said agreement, or electing to file an intervening petition herein stating individual injury or damage, to file intervening petitions *within a time certain to be fixed by this court.*" (Emphasis supplied.)

Thus the objector had been notified of the pending class action and that she would be given time to object or intervene. The order of December 16, 1974, failed to mention a date within which the objector was expected so to file. Therefore, the case remained dormant for a full year until called up by the court during a progress call. The objector still was not notified of a "time certain" within which she could file. When the suit finally was set for a hearing, objector notified all parties of her intentions to appear and object. Thus she gave notice prior to the hearing. Defendants in their brief accuse objector of lacking timeliness in her response. They fail to note that objector was in no way at fault for the substantial delays and continuances which occurred between the orders of December 16, 1974, and the eventual hearing on April 29, 1976.

■■ In *Illinois* the essential elements of due process of law are notice and the opportunity to be heard or to defend. (*City of Chicago v. Cohn* (1927), 326 Ill. 372, 158 N.E. 118.) The notice which objector received on October 15, 1974, informed her that a time certain would be set by the court. The next notice she received on January 9, 1976, stated that a hearing was to be held on February 26, 1976, on the proposed settlement and "all matters in connection therewith." The hearing was continued several times thereafter. Prior to the actual hearing, objector responded to the second notice and notified all parties of her intentions. The objector responded reasonably to the information supplied her in the notices. She must now be afforded an opportunity to be heard or her right of due process will have been violated.

Defendant has cited cases outlining the parameters of due process

(*Pettigrew v. National Accounts System, Inc.* (1966), 67 Ill. App. 2d 344, 213 N.E.2d 778; *Grattan v. Ahlberg Bearing Co.* (1940), 373 Ill. 455, 26 N.E.2d 499). In *Grattan,* the court noted at page 457:

"It is necessary in order to constitute due process of law within the provisions of the State and Federal constitutions, that orderly proceedings according to established rules, which do not violate fundamental rights, shall be observed, but where the person affected has due and sufficient notice and an adequate opportunity to present his defense, the constitutional requirements of due process of law are met. [Citations.]"

It is clear to this court that the objector responded in timely fashion to the notices she received. However, since she was never informed of the time within which her petition was required to be filed, she was not afforded a meaningful opportunity to present her position. In order to preserve her right of due process, she must be given such an opportunity.

Accordingly, the order of the circuit court of Cook County denying leave to the objector to file her appearance, her objection to the proposed class action litigation, and her motion to be dismissed from the class is reversed. The trial court is directed to allow the objector to file those documents, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Order reversed and remanded.

SIMON, P. J., and McGILLICUDDY, J., concur.