COMMISSIONERS OF HIGHWAYS OF TOWN OF DIX *et al.*

*v.*

THE BIG FOUR DRAINAGE DISTRICT OF FORD COUNTY.

*Opinion filed December 16, 1903—Rehearing denied February 5, 1904.*

1. APPEALS AND ERRORS—*when case relates to the revenue.* A man-damus proceeding by a drainage district to compel the levy and collection of a tax to pay a drainage assessment confirmed against a town relates to the revenue, and an appeal lies to the Supreme Court from the circuit court.

2. DRAINAGE—*objections to drainage assessment which could have been made before confirmation, are waived.* In a proceeding to collect a drainage assessment confirmed under the Levee act, no objection can be considered which might have been urged at the time the assessment roll was confirmed.

3. SAME—*when objections to court's jurisdiction will not be considered.* Objections to the jurisdiction of the county court to confirm a drainage assessment, levied under the Levee act, will not be considered in a proceeding to collect the assessment unless such objections are sustained by the record of that court.

4. SAME—*when drainage commissioners may bring mandamus to compel tax levy.* A drainage district organized under the Levee act may bring *mandamus* to compel the levy of a tax to pay a drainage assessment confirmed against a town without recovering a judgment at law, since the confirmation judgment fixes the amount due. (*Comrs. of Highways* v. *Drainage Comrs.* 127 Ill. 581, and *County of Mc-Lean* v. *City of Bloomington*, 106 id. 209, distinguished and explained.)

5. SAME—*statute provides for levy of specific tax to pay drainage assessment against a town.* Section 55 of the Levee act and section 15 of the Road and Bridge act have provided for the levy of a specific tax to pay a drainage assessment confirmed against a town under the Levee act.

6. PLEADING—*when facts showing jurisdiction of the court need not be averred.* In pleading a judgment of the county court confirming a drainage assessment, it is unnecessary to aver the facts which gave the court jurisdiction of the parties and the subject matter.

7. COSTS—*when costs in mandamus are properly adjudged against the defendants.* In awarding *mandamus* to compel the taxing authorities of a town to levy a tax to pay the drainage assessment confirmed against the town under the Levee act it is proper to adjudge costs against defendants, where demand of levy was made before suit brought.

APPEAL from the Circuit Court of Ford county; the Hon. JOHN H. MOFFETT, Judge, presiding.

Tipton & Tipton, for appellants.

Cloud & Moffett, for appellee.

Mr. Justice Scott delivered the opinion of the court:

Appellee filed a petition on September 6, 1902, for a writ of *mandamus*, in the circuit court of Ford county, against the town of Dix, the commissioners of highways, the board of town auditors and the town clerk of the town of Dix, in that county, commanding the commissioners to levy a tax to pay an assessment of $3250 made by the appellee and confirmed by the county court, against the town of Dix, for the purpose of establishing a system of drainage in the Big Four drainage district, commanding the board of auditors to consent thereto, in writing, if the amount of the total levy was so great as to require their written consent under the Road and Bridge act, and commanding the clerk to certify the levy, when made, to the county clerk. The petition was amended, and to it, as amended, a demurrer was interposed, which was overruled. Thereupon defendants answered, presenting eleven issues or denials. To certain of these denials a demurrer was sustained and overruled as to the remainder, and to this remainder replications were filed. A general demurrer was interposed to the replications, which was overruled by the court, whereupon issues were joined on the replications, and at the April term, 1903, the circuit court of Ford county, after a trial without the intervention of a jury, entered a judgment in accordance with the prayer of the petition. The town of Dix and the commissioners of highways bring the case to this court by appeal.

As the suit was brought by the drainage district for the purpose of collecting an assessment made by it against the town of Dix, the case relates to the revenue, under the authority of *Kilgour* v. *Drainage Comrs.* 111 Ill. 342, and comes directly to this court from the circuit court.

The Big Four drainage district of Ford county, Illinois, was organized in August, 1899, under the statute commonly called the Levee act. (Hurd's Stat. 1901, p. 689.) Commissioners were appointed, and they initiated a plan for a system of drainage, the main ditch of which was to run through the town of Dix, in that county. The commissioners, in making their estimate for the purpose of raising funds with which to construct the necessary drainage of the district, entered into negotiations with the commissioners of highways of the town of Dix, and as a result thereof a contract in writing was entered into at Elliott, in that county, in accordance with the provisions of section 55 of the Levee act, some time in the month of October, 1899, and, as shown by the preponderance of the evidence, at a regular meeting of the highway commissioners on October 28, 1899. By this contract it was agreed that the town of Dix should be assessed in the sum of $3250. This action of the highway commissioners was not made a matter of record by them, nor was the contract entered into, recorded upon their records. On February 14, 1900, the commissioners of the drainage district filed their assessment roll in the county court of Ford county, and upon that roll the assessment of the town of Dix appeared at the sum of $3250. The contract referred to was filed in that court on the 9th day of May, 1900, and on that same day that court entered a judgment confirming the assessment roll, the assessment against the town of Dix so confirmed being for the sum of $3250, and on the same day said court entered an order dividing this assessment into eight equal installments, one of which was payable on the first day of each of the years from 1902 to 1909, both inclusive, and each of said installments was made to draw interest at the rate of six per cent per annum from May 9, 1900, payable on January 1 of each year, the first installment of interest to be due and payable on January 1, 1901. The town of Dix has never paid anything on account of this

assessment.   On September 2, 1902, appellee made a de-
mand on the commissioners of highways and the board
of town auditors of the town of Dix, requiring them to
levy taxes for the payment of the first three installments
of the assessment, with interest on the whole assessment
to January 1, 1903.   This demand was refused.

Appellants devote a considerable portion of their
brief and argument to an attempt to demonstrate the in-
validity of the contract of October 28, 1899, on the ground,
first, that the commissioners of highways had no author-
ity to bind the town; and second, that the contract is
not binding upon the town because it cannot be made to
appear by the record of the commissioners.

We do not consider the question of the validity of
this contract material.   The proceeding is to enforce the
assessment.   The amount of that assessment has been
determined by the judgment of confirmation entered by
the county court.   Section 34½ of the Levee act provides:

"This act shall be liberally construed to promote the
ditching, drainage, and reclamation of wet or overflowed
lands;  and collection of assessments shall not be de-
feated by reason of any omission, imperfection or defect
in the organization of any district, or in any proceedings
occurring prior to the judgment of the court, confirming
the assessments of benefits and damages;  but said judg-
ment shall be conclusive that all prior proceedings were
regular and according to law."

In proceedings under this act we have heretofore held
that in a proceeding to collect the amount of the assess-
ment, no objection to the assessment will be considered
which could have been urged at the time of the confir-
mation of the assessment roll.   Objections which could
have been made then and which were not made then must
be considered as waived.   (*Riebling* v. *People*, 145 Ill. 120;
*Hammond* v. *People*, 169 id. 545.)  Objections which question
the jurisdiction of the county court are excepted from the
operation of this rule, but such objections being a collat-

eral attack upon the judgment of the county court will not be considered unless they appear from the record of that court. (*Dickey* v. *People*, 160 Ill. 633; *Young* v. *People*, 171 id. 299; *Casey* v. *People*, 165 id. 49.) The question of · the validity of the contract fixing the amount of the assessment being one which could have been presented upon the application for the confirmation of the assessment will not be considered here. When the judgment of confirmation was introduced in evidence counsel for appellants said: "I am objecting to that as being immaterial and not in issue; the only issue of fact is what occurred down there at Elliott." This objection was overruled, and no other objection to the introduction of the judgment was made, consequently appellants could not now insist that the county court was without jurisdiction to enter the judgment of confirmation, even if there was anything in the record of that court to warrant such an objection.

It is argued that the remedy by *mandamus* is improper in advance of a judgment at law determining the amount due, and we are referred to *Commissioners of Highways* v. *Drainage Comrs.* 127 Ill. 581. The drainage district in that case was not organized under the Levee act, but under the Farm Drainage act. (Hurd's Stat. 1901, p. 712.) The procedure for the collection of money is quite different under that act. According to its provisions the lands are classified, and by this classification it is determined what proportion or percentage of the total tax to be raised each tract shall bear. This classification is confirmed by the county court. The drainage commissioners then certify to the county clerk the amount of taxes they desire levied. The clerk spreads this tax upon the lands in accordance with the classification. The land owner has no opportunity to object to the amount of the tax levied upon his land until application is made for a judgment and order of sale against his land for the delinquent drainage tax. When that application is made he has a right to make any defense that has arisen since

the confirmation of the classification, as that the levy is not made in accordance with the statute, or that it has not been distributed in accordance with the classification. The case last cited was an action of debt to recover a judgment at law for the amount of the drainage assessment, and in deciding the case the court said, incidentally, that before applying for *mandamus* there must be a judgment at law determining the amount due. It will be observed that the amount of that assessment had not been fixed by a judgment of confirmation or otherwise, except by the levy made by the drainage commissioners, and the town had the right to be heard as to the amount properly due. It was not concluded in regard to the amount by the action of the drainage commissioners in making the levy or of the clerk in extending the assessment.

*County of McLean* v. *City of Bloomington,* 106 Ill. 209, was an appeal from a judgment for a special assessment against the court house square of the county of McLean for the improvement of adjacent streets in the city of Bloomington. What was there said, as well as what was said in 127 Ill. in reference to the necessity of a judgment at law preceding *mandamus,* was wholly unnecessary to the disposition of the case then before the court; and, moreover, so far as the *McLean County case* is concerned, there was no statute specially providing the method by which a county should meet a special assessment against its property, and in that respect the *McLean County case* is distinguishable from the one at bar, as we shall hereafter see.

In *People* v. *Clark County,* 50 Ill. 213, this court decided that *mandamus* would not lie to compel the board of supervisors to levy a tax to pay an order drawn by that board upon the county treasurer which was payable out of the general revenue fund, and it was said that the order was no more than an acknowledgment that the sum specified is due from the county, and this court, in *People* v. *Getzendaner,* 137 Ill. 234, said in reference thereto,

(p. 261): "In such cases no single general creditor has a right to any previously ascertained specific part of the general revenue, and there is, moreover, judgment and discretion to be exercised by the municipal authority with respect to the purpose and amount of general revenue which they shall annually cause to be collected by taxation upon the taxable property of the municipality."

In the *Getzendaner case*, which was an original proceeding in this court, the town of Mount Morris, in Ogle county, had issued bonds to assist in the construction of the Chicago and Iowa railroad.   They were delivered to the railroad company and by that company negotiated and sold.   The purchaser of a part of the bonds filed a petition for *mandamus* in this court seeking to have the town officers commanded to levy a tax to pay the bonds. It was objected that inasmuch as the claim had never been reduced to judgment the proceeding by *mandamus* was improper.   This court held that as it was provided by the act to incorporate the Chicago and Iowa Railroad Company that any town donating its bonds should, by its corporate authorities, "annually thereafter assess and levy a tax upon the taxable property of such town * * * sufficient to pay and liquidate the annually accruing interest on such bonds, and so much of the principal thereof as from time to time shall become due, which taxes shall be levied and collected in the same manner as other corporate taxes in such town," there was presented a lawful debt against the town, the amount of which was fixed and certain, and it was the duty of the proper officers to assess and levy a tax upon the taxable property of the town for the payment of that particular debt, and upon their failure to do so, *mandamus* was a proper remedy.   In the case at bar the amount of the debt is fixed by the judgment of confirmation.   This is a proceeding to collect that debt.   If it had been against a natural person or private corporation it would have been by application in the county court for a judgment and order

of sale against real estate.   That course cannot be pursued here, as there is no property of the town which can be sold under such a judgment for the satisfaction of this assessment.   To require appellee to first recover a judgment at law before resorting to *mandamus* would be to require a useless thing.   If suit were brought at law, appellants could interpose no defense questioning the amount or validity of the assessment unless they could show by the record of the county court itself that that court had no jurisdiction to render the judgment, and they had that right in this proceeding, so that a suit at law would simply result in another judgment for the amount of the assessment which is already fixed absolutely by the judgment of confirmation, and the appellee would still be obliged, if the judgment at law were not paid, to resort to *mandamus* for its satisfaction.   No good purpose could be served by requiring appellee to recover a judgment at law.

Section 55 of the Levee act provides, among other things:  "In case such assessment is made against any township in this State, the commissioners of highways of such town shall cause the same to be levied and paid to said district in the manner provided by sections 13, 14, 15 and 16" of the Road and Bridge act.  Section 15 of that act (Hurd's Stat. 1901, p. 1523,) requires the commissioners of highways, where damages "have been agreed upon, allowed or awarded   *   *   *   for ditching to drain roads, the amounts of such damages, not to exceed for any one year, twenty cents on each $100 of the taxable property of the town, shall be included in the first succeeding tax levy," and shall be in addition to the levy for road and bridge purposes.  The succeeding section directs the commissioners to certify the general levy and the amount for the payment of such damages as separate items to the town clerk, and he is to certify the same items separately to the county clerk, who is directed to extend the two items as one tax.  It is apparent that the

legislature intended the taxation provided by section 55 of the Levee act, for the payment of a drainage assessment, to be levied under section 15 of the Road and Bridge act, and has thus provided for the levy of a specific tax for the payment of assessments of this character against the town, and as the amount of the assessment is fixed by the judgment of confirmation, the right of appellee to the writ of *mandamus* is clear and certain under the law as stated by this court in *People* v. *Getzendaner, supra.*

What we have said, disposes of the questions which arose on the pleadings, with one exception. When the demurrer to the amended petition was overruled appellants answered, but they insist that nevertheless the court should now find the petition insufficient, for the reason that it does not show that the county court had jurisdiction to render this judgment of confirmation. We deem it unnecessary in this case, after judgment, to discuss the averments of the petition for the purpose of determining whether or not they show that the county court had such jurisdiction. "County courts in this State are courts of general jurisdiction with respect to all matters coming within the purview of their jurisdiction as given by law." (*Matthews* v. *Hoff,* 113 Ill. 90; *Field* v. *Peeples,* 180 id. 376.) In pleading the judgment of such a court it is unnecessary to aver the facts which gave it jurisdiction of the parties and subject matter of the litigation. *Wallace* v. *Cox,* 71 Ill. 548; *People* v. *Lane,* 36 Ill. App. 649; 2 Greenleaf on Evidence, sec. 279, note; 11 Ency. of Pl. & Pr. p. 1130.

The assignment of errors questions the action of the court in entering a judgment against the defendants below for costs. As demand was made upon them prior to the beginning of the suit, calling upon them to levy a tax with a view to satisfying the assessment, and they refused, the judgment was proper.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*