People of State of Illinois ex rel. B. M. Lewis Union
Drainage District No. 1 of Townships of Manteno
and Sumner, County of Kankakee and State of
Illinois, Appellee, v. Edward Rust, Commissioner
of Highways, Appellant.

Gen. No. 10,198.

16

Opinion filed December 5, 1947. Rehearing denied January 16, 1948. Released for publication January 16, 1948.

KRUSEMARK & KRUSEMARK, of Joliet, for appellant.

EVA L. MINOR and DYER & DYER, all of Kankakee, for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is a proceeding in mandamus instituted by People of the State of Illinois ex rel. B. M. Lewis Union Drainage District No. 1 of the Townships of Manteno and Sumner, County of Kankakee and State of Illinois against Edward Rust, as Commissioner of Highways of the Town of Will, County of Will and State of Illinois to compel the highway commissioner to pay or levy and collect a tax for payment of a drainage assessment against the Town of Will, for benefits to its public highways, levied by said drainage district.

The assessment proceeding was in the county court of Kankakee, Illinois. On February 8, 1944, a jury returned its verdict levying an assessment against the Town of Will with its assessments against the lands of the drainage district. The county court confirmed the verdict and entered judgment upon it.

The petition for mandamus prays that defendant, appellant here, as commissioner of highways, be required to issue an order for payment of the assessment, if sufficient funds be in the treasury; or, if not, that the commissioner of highways be required to levy and collect a tax for the purpose of payment of the assessment. The order of the circuit court of Kankakee county directed the peremptory writ of mandamus to issue, with like command, as prayed in the petition. Appellant appeals from this judgment.

For reversal of the judgment, appellant contends that the Town of Will did not receive notice of the hearing before the jury in the county court, as required by sec. 3, ch. 42, entitled "Drainage" of the Illinois Statutes [Jones Ill. Stats. Ann. 42.008], commonly called the "Levee" Act. At the hearing before the jury appellant appeared personally, testified and filed a written document objecting to the amount of drainage assessment against the Township of Will.

Appellant concedes that the boundaries of the drainage district embraces lands in Will county. No conten-

tion is made that there were no public highways in that part of Will county included in the drainage district. The basis of the contention of lack of notice is that no notice was posted at the door of the courthouse in Will county and appellant asserts that the Town of Will was not given notice by publication. We find nothing in the abstract showing lack of publication.

Appellants produced the county clerk of Kankakee county, who identified a certificate filed in the county court in the proceedings before the jury, which levied the assessment. The clerk testified that he had examined the files and found no other certificate had been filed relative to the posting of notices. The certificate identified by the clerk was an affidavit showing the posting of ten notices in the district and it concluded with the statement that the affiant had posted a copy of the notice at the door of the courthouse at Kankakee, Illinois. On this proof appellant bases his contention of lack of jurisidction of the county court to confirm the verdict of the jury and render judgment thereon.

Such proof was not sufficient to show lack of jurisdiction of the county court. Other affidavits may have been filed and presented to the county court and become lost or taken from the files. Oral proof of posting of a notice at the door of the courthouse in Will county may have been presented to the county court.

The proceeding ordering the work for which the assessment was levied, was under sec. 37 of the "Levee" Act [Ill. Rev. Stat. 1945, ch. 42, par. 37; Jones Ill. Stats. Ann. 42.051]. That section requires notice to be given as under sec. 3 of the Act. The county court had the right to make its finding of sufficient notice upon testimony taken in open court. Findings of the court based on testimony and oral proof is sufficient, in the absence of a bill of exceptions, which might show such proof insufficient. The statute does not re-

quire proof to be made by affidavit. *Westerhold v. Hale*, 397 Ill. 567, 572; *Stokes v. Bay Bottoms Drain. Dist.*, 278 Ill. 390, 398; *People v. Ehler*, 338 Ill. 67, 75. There was no report of proceedings at the trial in the county court introduced in the mandamus proceedings.

■■ No contention is made by appellant that defects showing lack of jurisdiction, appear on the face of the record order of confirmation and judgment of the county court. In a collateral proceeding such judgment of the county court cannot be attacked collaterally, except for a jurisdictional defect appearing on the face of the record. *People ex rel. Wheeler v. Harvey*, 396 Ill. 600, 608; sec. 34½ "Levee" Act [Ill. Rev. Stat. 1945, ch. 42, par. 34; Jones Ill. Stats. Ann. 42.048]. And this proceeding in mandamus is a collateral proceeding to that in the county court. *People v. Schwartz*, 244 Ill. App. 137, 143; *Commissioners of Highways of Dix v. Big Four Drain. Dist. of Ford County*, 207 Ill. 17, 20, 21.

■ Where a judgment order finds that the parties have been duly notified, such finding cannot be contradicted or explained by parol or other evidence outside of the record itself and proof such as a publication certificate in the files contrary to the finding of due notice, will not defeat the finding of the court, because the court may have based its finding on other evidence. *People v. Schwartz, supra*, p. 144; *People v. Ehler, supra*, 75. In this case in its finding and confirmation of the verdict of the jury and in entering judgment thereon, the court further found that due, sufficient and proper notice was given, as required by law and that it had jurisdiction of the person and subject matter. Appellant has not pointed out in any particular where such judgment in itself was defective in failing to recite and show jurisdiction. We therefore conclude that the point that jurisdiction is lacking, because of failure to post a notice on the courthouse door in Will county is not well taken.

Appellant contends that the Town of Will was not a party; that no one appeared in its behalf before the jury, that consequently the order of confirmation of the verdict of the jury is void and therefore that the circuit court in the mandamus proceeding had no jurisdiction of the subject matter. Under the drainage statute an assessment is against a "Town" for benefits to its public highways in the district. As to lands, the assessment is not against the owner, but is an assessment *in rem* against the land itself. *Birds Drain. Dist. v. Cairo, V. & C. R. Co.*, 257 Ill. 57, 60. And lands may be sold to enforce the payment. Properties like streets and alleys and public highways cannot be sold. *Kickapoo Drain. Dist. v. City of Mattoon*, 284 Ill. 393, 400.

Section 55 of the "Levee" Act [Ill. Rev. Stat. 1945, ch. 42, par. 53; Jones Ill. Stats. Ann. 42.069] provides that, when an assessment is made against any township, the commissioner of highways shall cause the same to be levied and paid to the drainage district, in the manner provided by an Act in regard to roads and bridges. The commissioner of highways is the corporate authority. *People v. Nortrup*, 232 Ill. 303, 305, 306. He alone is charged with such duty by the express provisions of the Drainage Act. Whether such authority be given under the Roads and Bridges Act discussed by appellant, does not negative such authority and duty of a commissioner of highways created and imposed upon him by the drainage statute. We believe that the commissioner of highways properly appeared for the Town of Will and that it was duly represented at the hearing.

But there is no statute requiring that a township appear and be represented at such drainage proceedings. If the commissioner of highways had no authority to represent the Town of Will, then it must be held from the foregoing that such township was a party to the proceedings before the jury, and that it

had received proper notice of the hearing, and that it defaulted. Appellant cannot now claim, as he does, that the assessment is void and that it was excessive in amount. The amount of the assessment became absolute on the confirmation by the county court. *Lincoln-Lansing Drain. Dist. v. Stone,* 364 Ill. 41, 48; sec. 34½ ''Levee''· Act.

The statute imposes the obligation on the commissioner of highways to pay or take lawful steps to pay the assessments against the town. He has no discretion. *Lincoln-Lansing Drain. Dist. v. Stone, supra,* p. 48; *People v. Wabash R. Co.,* 256 Ill. 394, 398. We do not think the county court rendered judgment against both the Town of Will and the highway commissioner. Under the drainage statute a judgment could be rendered only against the town. Mention of the words highway commissioner, at most defines the judgment as one regarding highways.

Appellant contends that the mandamus proceedings should have been instituted in Will county for the reason as appellant contends, that the transaction out of which the cause of action arose was in Will county. Appellant relies upon *Jamil T. La Ham v. Sterling Canning Co., Inc.,* 321 Ill. App. 32. The theory stated by appellant is that a written demand for payment of the assessment due the drainage district was served upon appellant in Will county before the mandamus suit was instituted and that, therefore the transaction out of which the cause of action arose in the mandamus suit, was in Will county.

We do not think the demand was the transaction out of which the cause of action arose. Such transaction was the assessment proceeding in Kankakee county. If the demand was a part, it was at most a very informal part of the transaction. Under sec. 7 of the Illinois Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 131; Jones Ill. Stats. Ann. 104.007], a civil action may be commenced in the

county in which some part of the transaction occurred out of which the cause of action arose. The Town of Will is not a defendant in the mandamus proceeding. The only defendant is the commissioner of highways. He did not press his claim in regard to venue nor obtain a ruling of the court upon his claim, but he went to trial on the merits. He thereby waived such claim, if he had one, and he cannot now press it on this appeal. *People ex rel. Harmon v. Thompson,* 327 Ill. App. 161.

Appellant contends that the "Commissioner's Roll of Assessments of Benefits and Damages," "Levee" Act, par. 18, sec. 17, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 42.028], did not describe the highways of the Town of Will. Reference in such assessment roll to streets and highways clearly includes all of the highways. *Kickapoo Drain. Dist. v. City of Mattoon,* 284 Ill. 393, 400. The boundaries of the drainage district were defined of record and all the highways included therein in the Town of Will were easily located.

That part of the assessment roll abstracted, shows: names of owners in the first column, and under that appears the words, Highway Commissioners of and the Town of Will, County of Will, Illinois. The next column is headed, No. of Acres in tract assessed, and the next is, No. of Acres in Ditch Right of Way. Then follows a heading entitled, No. of Acres in Highways, and under that heading appears the figures, 11.8. Then follows a heading entitled Total Assessment for Benefits and another heading, Amount of Annual Benefits Assessed. Under the last two headings are the amounts assessed against the town for benefits to its highways.

The question is, whether such is a sufficient record, in this collateral proceeding, to support the judgment against the Town of Will. In the case of *Kickapoo Drain. Dist. v. City of Mattoon, supra,* a like question

was raised. There, the assessment roll showed under the owner's name: City of Mattoon. Under description of lands, appeared the words, Public Benefits. The verdict was in the same form. Section 55 of the "Levee" Act provides that the commissioners shall apportion benefits to the municipality for streets, and to the town for public highways.

The Supreme Court in the *Mattoon* case, *supra,* where objections were made that the streets were not described, at page 400 said: "But the judgment of confirmation in this case shows that the assessment was levied against the city for benefits to its streets and alleys, clearly indicating all the streets and alleys of the city. If the evidence in the record would not support such a judgment the error could have been taken advantage of on appeal or writ of error. If it be conceded that the statute contemplates that the streets and alleys shall be described in the assessment roll . . . such failure to do so is nothing more than a mere irregularity which could easily have been cured by amendment and cannot be raised for the first time in this collateral proceeding. The streets and alleys are not to be assessed because they cannot be sold on a failure to pay the assessment, as other property. . . . The omission of the description of the streets and alleys in the assessment roll was not fatal, and such an objection will now be considered as waived and lost to plaintiff in error. In a proceeding to collect a drainage assessment confirmed under the 'Levee' Act no objection can be considered which might have been urged at the time the assessment roll was confirmed."

In the *Lincoln-Lansing Drain. Dist.* case, *supra,* which was a mandamus proceeding against a highway commissioner, the contention was made that the assessment roll did not describe any roads. The court at pages 45, 46 said: "This issue tendered is based upon the fact that the assessment roll does not

describe any roads or specify any road by name, mileage or benefits, but designates 148 acres benefited on which the town is assessed. . . . The county court had jurisdiction of the subject matter of, and the parties to, the drainage proceeding and authority to pronounce judgment therein. The question now presented was not there raised and therefore cannot be urged here." To the same effect is *People v. Garner*, 275 Ill. 228, 230. We are of the opinion, in view of these authorities, that there is no merit in appellant's attack upon the instant proceeding because of an absence of description of highways in the drainage assessment.

There appearing no error, the judgment of the circuit court is affirmed.

*Judgment affirmed.*