City of Countryside, a Municipal Corporation, Plaintiff-Appellee, v. Oak Park National Bank, as Trustee, etc., et al., Defendants-Appellants.

Gen. No. 51,226.

First District, Fourth Division.

December 16, 1966.

Nathan Hoffberg, of Chicago (Ira I. Silbar, of counsel), for appellants.

Arthur C. Thorpe, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

This is an appeal from an order allowing the demolition of defendants' building.

Plaintiff brought an action for leave to demolish defendants' building on the ground that it was in an unsafe and dangerous condition. Defendants denied all

material allegations and, in addition, filed a cross-complaint for a writ of mandamus directing plaintiff to issue a permit to repair the building. In their cross-complaint defendants alleged that requests had been made for the issuance of a permit to make repairs to the premises in question but that plaintiff had refused to issue such a permit. Plaintiff filed an answer to the cross-complaint, denying that defendants had ever requested the issuance of the permit.

Evidence was presented as to the dangerous and unsafe condition of the premises, presently used to store lumber. According to the testimony of Albert Mitchell, a registered engineer and also the building commissioner of the City of Countryside:

> ". . . The doors, trim work and glass windows were in a deteriorated state. They were warped and hard to close; some of the windows were boarded up. There is no provision for heat in the building whatsoever. All of the electrical work is in a complete state of deterioration.
>
> "All of the plumbing fixtures have been removed from the building. There are no sanitary facilities in the building at all for human occupancy. The roof is sagging and in a very dangerous condition which indicates a structural failure. The roofing material has been torn off so that the entire roof would have to be reinforced and removed. The floor in the building is sagging very precariously in several locations and the entire floor would have to be straightened structurally before occupancy could be made. . . . Based on my experience, it is my opinion that the building has deteriorated approximately 75% and is unsafe."

The witness further stated that the building is a fire hazard and is vermin infested; and that "any children on the roof would fall if they got onto it."

314

One of the defendants, Conrad Heidberger, denied that the building was vermin infested and, in addition, stated that operable plumbing facilities existed in the building.

The plaintiff asserted that the building was a nonconforming structure since it did not meet the set-back requirements of its zoning ordinance (which was adopted subsequent to the time the building was built). Plaintiff also adduced its zoning ordinance which provides in relevant part that should a nonconforming structure be "destroyed by any means to an extent of more than 50 per cent of its replacement cost at time of destruction, it shall not be reconstructed except in conformity with the provisions of this ordinance." [1] Plaintiff contended the building could not be reconstructed (repaired) in conformity with the provisions of the ordinance because it did not meet the set-back requirements. Defendants argued that a subsequent survey showed compliance with the aforesaid set-back requirements, but that argument was rejected by the trial court. [2]

The court then suggested that an appraiser be appointed to ascertain "whether or not that building has depreciated more than fifty per cent," stating: "If it has, down it goes. If it hasn't, I will give you [defendants] an opportunity to fix it." No question was raised in the trial court as to the applicability of the ordinance or as to the aforesaid procedure. Defendants' only apparent concern was that an impartial appraiser be appointed. No objection was made to the appointed appraiser.

The appraiser reported to the court by letter that the replacement cost was $6,000 and the cost of repair $4,000. Defendants offered no evidence as to another estimate

---

[1] While defendants argue the point, there is no question but that both the trial court and this court may take judicial notice of plaintiff's zoning ordinance without its having been introduced into evidence. Ill Rev Stats (1963), ch 51, § 48a; 25 Ill App2d 433, 166 NE2d 291.

[2] We find no support for that argument in the record.

of costs for either replacement or repair, nor did they request a hearing for the purpose of cross-examining the appraiser.

Defendants' sole relevant contention on appeal is that the appraiser's report was incorrect and that they were denied the right to cross-examine him. However, as we have heretofore stated, defendants had offered no evidence of any other estimate of replacement or repair costs, nor had they sought to cross-examine the appraiser. The issue has therefore been waived and cannot be raised for the first time on appeal.

The uncontroverted evidence supports the court's finding that the defendants' building had deteriorated more than fifty per cent of its replacement cost, and its demolition was therefore properly allowed. The order of the trial court is affirmed.

Affirmed.

DRUCKER, P. J. and McCORMICK, J., concur.