WAYNE W. MOSER *et al.*, Plaintiffs-Appellees, *v.* THE HIGHWAY COMMISSIONER OF THE TOWN OF URBANA, DELBERT JENKINS, Defendant-Appellant.

Fourth District   No. 4—82—0608

Opinion filed April 18, 1983.

John H. Finfrock, of Finfrock & Weaver Law Offices, of Urbana, for appellant.

Stanley B. Balbach and S. Byron Balbach, Jr., both of Balbach & Fehr, P.C., of Urbana, for appellees.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

Plaintiffs filed a petition for a writ of *mandamus* in the circuit court of Champaign County. The relief sought was to compel the

defendant as highway commissioner to pay a drainage assessment in the sum of $156,263.84 together with interest. After a motion to strike was denied, the defendant filed an answer. No evidence was taken since the parties stipulated to most of the operative and pertinent facts, although drawing different conclusions from them. The trial court awarded the writ, and this appeal followed.

Two principal points are in contention: (1) whether the complaint stated a cause of action in *mandamus*, and (2) whether the underlying judgment on which the writ was sought was valid. We answer in the negative as to both propositions and reverse.

The parties agree that the plaintiffs are the duly appointed drainage commissioners for the subdistrict; that the defendant is the highway commissioner for the town of Urbana and is the "highway authority or highway authorities" for township roads referred to in section 2—213 of the Illinois Highway Code (Ill. Rev. Stat. 1981, ch. 121, par. 2—213).

It is also agreed that the circuit court of Champaign County on March 12, 1980, confirmed an assessment roll for the subdistrict and that the following line item appeared thereon:

| "Owner's Name | Description | | Benefits | Annual Benefits |
|---|---|---|---|---|
| | Index Number | Acres | Dollars | Dollars |
| Delbert Jenkins c/o Hwy Comm 1108 Carrol Urbana, IL 61801 | 30-21-00-000-004 | 40.35 | 156,263.84 | 435.48." |

The parties further stipulated that the address of the Urbana Township Highway Commission office was 2312 East Perkins Road and that the string of digits appearing in the line item above was not part of the county's permanent real estate numbering system, but was a number used by the subdistrict for billing purposes. Defendant's answer set up that his home address was 1108 Carrol as it appears in the line item.

There is no dispute that the judgment of March 12, 1980, was a final judgment, but the parties part company as to whether it is enforceable against the defendant, who claims that the notice as it appears in the line item was sent to him personally and not in his official capacity as highway commissioner. No part of the line item has

been paid or satisfied.

As indicated above, the trial court awarded the writ which in pertinent part commanded the defendant:

> "Include and separately specify within the tentative budget and appropriation ordinance required to be prepared by him, at least 30 days prior to the last Tuesday in March 1983, for THE TOWN OF URBANA, in Champaign County, Illinois, an amount sufficient to pay the unpaid installments of $15,626.38 each for the Thomas Paine Subdistrict of Drainage District No. 3 in the town of St. Joseph, Champaign County, State of Illinois, due May 15, 1980, April 1, 1981, April 1, 1982, and April 1, 1983, together with interest on said installments at the rate of 7% per annum from May 15, 1980, and file the same with the Clerk of THE TOWN OF URBANA, at least 30 days prior to final action thereon, and to take and perform all other administrative steps required by law, on his part to be done and performed, by him, to include each amount in the Tax Levy for THE TOWN OF URBANA, required to be filed on or before the first Tuesday in September 1983."

It is our opinion that the complaint did not state a cause of action in *mandamus*. The writ will not lie when the mandate depends upon the cooperation or approval of a third person who is not before the court. (*People ex rel. Callahan v. Whealan* (1934), 356 Ill. 328, 190 N.E. 698; *MacGregor v. Miller* (1926), 324 Ill. 113, 154 N.E. 707.) If the cooperation of the third person is a matter of duty and the third person is a public officer, the law will presume that he will do his duty and the writ will lie. *People ex rel. O'Meara v. Smith* (1940), 374 Ill. 286, 29 N.E.2d 274; *People ex rel. Euziere v. Rice* (1934), 356 Ill. 373, 190 N.E. 681.

■ The trial court's order directs defendant to include in his tentative budget and appropriation ordinance provision for the funds in question. Under section 6—501(b) of the Illinois Highway Code (Ill. Rev. Stat. 1981, ch. 121, par. 6—501(b)) this tentative budget and appropriation ordinance is subject to a public hearing before the township board of auditors, or highway board of auditors, as the case may be, and at that hearing they are to adopt "the tentative budget and appropriation ordinance, or any part thereof as such board of auditors deem necessary." It is thus apparent that discretion lies with the board and the rule of *MacGregor* applies. It is a bootless act to require the defendant to do something which may be nullified by the board, whose members are not before the court.

■ Plaintiff's petition asked that the defendant be required to

pay the $156,263.84 and "such other and further relief as justice may require." This antique catch-all phrase, born in the mists of chancery and avidly adopted by all other branches of the law, is not sufficient to save the petition. While the ultimate order was different from the prayer of the petition, *i.e.*, it ordered defendant to prepare a budget rather than pay the judgment, nevertheless the defendant had the right to know what it was that he was being required to defend against. There was no allegation that the defendant had funds on hand with which to pay the judgment; if there were, the situation might be different. To spend road district funds, the highway commissioner must draw a warrant on the district treasurer and the warrant must be countersigned by the district clerk, all as provided in section 6—201.6 of the Illinois Highway Code (Ill. Rev. Stat. 1981, ch. 121, par. 6—201.6); the countersignature is not discretionary (Ill. Rev. Stat. 1981, ch. 121, par. 6.202.3); and the treasurer is obligated to pay out the funds (Ill. Rev. Stat. 1981, ch. 121, par. 6—205). Lacking any allegation or proof that there were funds on hand, this process becomes irrelevant, and the plaintiffs must rely on the "other relief" portion of their prayer.

This portion of the prayer is insufficient. (*Daniels v. Cavner* (1949), 404 Ill. 372, 88 N.E.2d 823; *Cooper v. Village of Lincolnshire* (1969), 108 Ill. App. 2d 251, 247 N.E.2d 434.) The difficulty was avoided in *People ex rel. B.M. Lewis Union Drainage District v. Rust* (1947), 333 Ill. App. 14, 76 N.E.2d 532. The prayer there was in the alternative: either pay the assessment if sufficient funds were on hand, or, if not, levy and collect a tax as provided in the statutes then in force.

Thus it was error for the trial court to deny the motion to strike. Of more serious consequence, however, is the validity of the underlying judgment on which the writ was sought. There can be no serious dispute that *mandamus* requires a valid judgment in order to establish the defendant's duty to pay. (*Saline Branch Drainage District v. Urbana-Champaign Sanitary District* (1946), 395 Ill. 26, 69 N.E.2d 251; *Commissioners of Highways v. Big Four Drainage District* (1903), 207 Ill. 17, 69 N.E. 576.) We believe that the instant case is controlled by *Saline Branch.*

In that case the supreme court reasoned that a judgment against a public body is a judgment against a fund and hence is a judgment *in personam*; as such, it is not enforceable unless the person against whom it is entered is identified with precision. In *Saline Branch* the assessment was confirmed against "U & C Sanitary District," an identification which the supreme court found insufficient. In our opin-

ion the recondite notation in the instant case, "c/o Hwy Comm," is even more so. The trial judge distinguished *Saline Branch* on the basis that different notice provisions were in the statute at the time of that decision. However, that is immaterial. The fundamental question both in that case and in the instant case is the sufficiency of the identification. A judgment against an official in his individual capacity does not bind him in his official capacity. *McMechan v. Yenter* (1922), 301 Ill. 508, 134 N.E. 39; *Blazer v. Highway Com.* (1968), 93 Ill. App. 2d 89, 235 N.E.2d 13.

One accepted meaning of "c/o" is "in care of." (Webster's Second New International Dictionary 2991 (1959).) Interestingly enough, it may also indicate "cash order" in banking and "carried over" in bookkeeping. Since it was stipulated at the hearing below that 1108 Carrol is not the office of the highway commission, the notation becomes even more ambiguous.

■ Plaintiffs argue only that the notice provisions of the Illinois Drainage Code (Ill. Rev. Stat. 1981, ch. 42, par. 5—3(2)) were complied with. The question is not notice, but what kind of notice. The case law is clear that a highway commissioner must be sued in his official capacity if he is to be bound. Under the circumstances of a drainage assessment, this official capacity must be clearly set forth. There is no indication in this record that Delbert Jenkins is the highway commissioner. The judgment did not bind him in the official capacity.

Such a holding is not overtechnical. All officials dealing with public funds must be constantly mindful that partial performance is not enough. The requirements may seem to have all the sensibility of the movements of a minuet, but there is good reason for this: the public trust and the protection of public funds.

The order of the circuit court of Champaign County to issue a writ of *mandamus* is reversed.

Reversed.

MILLS and MILLER, JJ., concur.